## COOPER *et al. v.* COOPER *et al.*

WILL.—On *January* 23, 1860, *A* sold ·to *B* a tract of land for 800 dollars, of which 200 dollars were paid at the date of sale, and the balance was agreed to be paid in annual installments of 100 dollars each, and was to be secured by notes, and a mortgage on the land. *A* executed a deed to *B* for the land, and delivered it to a third person, as an escrow, to be given to *B* on his execution and delivery of the notes and mortgage. ˙On *May* 29, 1860, *A* died, and by his will, executed the day before his death, he devised to his wife, *C*, and to his daughter, *D*, a certain town lot, being all the real estate he then owned, except such interest as he then had in the land sold as aforesaid. He also devised to his wife, *C*, the proceeds of all debts due him, after the payment of his debts, and to *E* and *F* all other lands which he then owned. On *January* 8. 1861, administration, with the will annexed, was granted to *G*, on the estate of *A*, and the notes and mortgage aforesaid were then executed and delivered by *B* to such administrator. *E* and *F* claim the notes, under the will.

*Held*, That *E* and *F* take nothing under the provisions of the will, because, by the sale of said land as aforesaid, the estate of the vendor therein was converted into a money fund, which went to the personal representative, and the residue, after the payment of debts, would belong to *C*, the widow, under the will.

APPEAL from the *Miami* Common Pleas.

WORDEN, J.—On the 23d day of *January*, 1860, *Charles G. Cooper*, now deceased, sold to *Jacob Springer* a certain parcel of real estate, described in the complaint herein, for the sum of 800 dollars, 200 of which was paid down by *Springer*, and the residue was to be paid in 100 dollar annual payments. At the time of the sale, *Cooper* executed a conveyance of the premises to *Springer*, but *Springer's* wife not being present to execute a mortgage, to secure the unpaid purchase-money, the deed from *Cooper* to the purchaser was left in the hands of *R. P. Effinger*, Esq., to be delivered to *Springer* when he

Cooper et al. *v.* Cooper et al.

should execute notes, to secure the purchase-money, with a mortgage, to be signed by his wife.

On the 29th of *May*, 1860, *Charles G. Cooper* died. On the day before his death, he executed his last will and testament, by which he devised to his wife, *Eliza*, and his daughter, *Julia Isabel Cooper*, a certain house and lot in *Peru*, he then owning, as is alleged, no other real estate, except the house and lot thus devised, and the land thus sold to *Springer*. The will contains the following further items necessary to be noticed here:

"I further will and devise to the said *Eliza* the proceeds of all debts due to me, after all my just debts shall have been paid. Item Third: I further will and devise to my parents, to-wit: *William* and *Lucy Cooper*, or to either of them who may survive me, all other lands and tenements, of which I am now seized, or of which I am now the owner, the same being situated in the said county of *Miami*."

On the 8th of *January*, 1861, administration, with the will annexed, having been granted to *Alvin Crippen*, on the estate of the deceased, the notes and mortgage contemplated by the contract, for the sale of the land, were executed to the administrator, by *Springer* and wife, and the deed was delivered to *Springer*.

This suit was brought by *William* and *Lucy Cooper* against the administrator, who has received a part of the purchase-money, and against *Eliza Cooper*, who claims the whole of it, under the will.

The plaintiffs claim, that as the legal title to the land was in *Charles G. Cooper* at the time of his death, it passed to them under the will, and they take it, subject to the contract of sale, and are therefore entitled to the proceeds, instead of the land itself. Judgment below for the plaintiffs. This judgment will have to be reversed.

The following authority seems to be decisive against the plaintiffs' right to the money:

"Where the testator contracts to sell the devised estate, and dies, without having executed a conveyance to the purchaser, the devise remains in full force as to the legal estate, and no further, this being all the interest the testator has to dispose of at the time of his decease; and the conversion, as between the real and personal representative, being completely effected by the contract, (supposing it to be a binding one,) the devisee, it is conceived, takes only the legal estate, and the purchase-money constitutes a part of the testator's personal estate.  *  *  *  In the case of *Knollys* v. *Shepherd,* 1 J. & W. 499, where *K.,* having contracted with *M.* for the sale of an estate at *F.,* afterwards devised it to his wife, by the description of 'all that my estate which I have contracted to sell to *M.,*' it was held that this was nothing more than a devise of the legal estate, to enable her to carry the contract into execution, and did not operate as a legacy of the purchase-money. In making these observations, it is not forgotten, that, by the terms of the recent act, the devise takes effect in regard to any estate or interest which the testator had power to dispose of. But supposing the contract to be effectual, and binding on both parties, and no obstacle to exist to its performance, the devisor has no beneficial estate or interest to dispose of, the entire equitable ownership in the land having become vested in the purchaser, by whose will it would pass as real estate. The estate of the vendor is, in contemplation of equity, disposed of, and converted into a money fund. If this fund would pass under a particular devise of land, it must, upon every sound principle of construction, be included in a general devise, and yet it could not for a moment be contended, that, when a testator, having contracted for the sale of an estate, devised all his real estate to *A,* and his personalty to *B,* the purchase-money belonging to *A,* as

part of his real estate, and not to *B*, as part of his personalty. Indeed, the case of *Knollys* v. *Shepherd* seems to set the matter quite at rest as between the particular devisee of the land and the personal representatives of the testator." 1 Jarman on Wills, p. 185, *et seq.*, (Perk. ed.) See *Donohoe* v. *Lee*, 1 Swan (Tenn.) R. 119, and *Farrar* v. *Earl of Winterlon*, 5 Beav. 1.

The 6th section of our act concerning wills, (2 R. S. 1852, p. 311,) has no application to the case, as that applies to cases of a contract for the sale of land, made after the making of a will. Here the contract of sale was made before the will.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*H. J. Shirk* and *W. S. Benham*, for the appellants.

*N. O. Ross* and *R. P. Effinger*, for the appellees.

